# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

| | |
|---|---|
| In re: | |
| MAIREN R. REAGAN, | Case No. 18-16796 MER |
| Debtor. | Chapter 7 |

## ORDER

THIS MATTER comes before the Court on the Joint Motion to Approve Settlement Agreement ("Motion") filed by Mairen R. Reagan ("Debtor") and Rachel McQueeney ("McQueeney").[1]

Through the Motion, the Debtor and McQueeney seek the Court's approval for a stipulation as to the nondischargeability of debt under 11 U.S.C. § 523(a)(6).[2]  The Motion indicates the Debtor and McQueeney reached the stipulation in lieu of commencing an adversary proceeding to determine the dischargeability of the debt.  For the following reasons, the Court cannot grant the Motion.

Section 523(c)(1) provides, in relevant part: "the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section."  Fed. R. Bankr. P. 7001(6) expressly states "a proceeding to determine the dischargeability of a debt" is an adversary proceeding.[3]  Additionally, Fed. R. Bankr. P. 4007 contemplates the filing of a complaint to obtain a determination of the dischargeability of a debt.[4]  The Court interprets these provisions to mean a

---

[1] ECF No. 71.

[2] Unless otherwise specified, all references herein to "Section," "§," "Bankruptcy Code" and "Code" refer to the U.S. Bankruptcy Code, 11 U.S.C. § 101, *et seq*.

[3] Fed. R. Bankr. P. 7001(6).

[4] Fed. R. Bankr. P. 4007.

debt cannot be judicially determined to be nondischargeable under § 523(a)(6) absent the filing of an adversary complaint seeking such relief.

In the absence of an adversary proceeding, the only mechanisms by which a debtor may "waive" the discharge of a specific debt is through a written waiver of discharge of all debts under § 727(a)(10) or by executing a post-petition reaffirmation under § 524(c).[5] "Any other waiver is contrary to the Bankruptcy Code."[6] The Motion does not satisfy the requirements of either section of the Bankruptcy Code.

Accordingly,

IT IS HEREBY ORDERED the Joint Motion to Approve Settlement Agreement is DENIED without prejudice.

Dated June 20, 2019                                   BY THE COURT:

Michael E. Romero, Chief Judge
United States Bankruptcy Court

---

[5] *Hayhoe v. Cole (In re Cole)*, 226 B.R. 647, 653 (B.A.P. 9th Cir. 1998).

[6] *In re Duca*, 2004 WL 2274968, at *4 (Bankr. D. Colo. Aug. 9, 2004) (quoting *Airlines Reporting Corp. v. Mascoll (In re Mascoll)*, 246 B.R. 697, 706 (Bankr. D. D.C. 2000)).